## BUTMAN'S *case.*

Where one statute creates an offence and inflicts the penalty, and a subsequent statute imposes another and further penalty ; an indictment for the offence may well conclude *contra formam statuti.*

An indictment was for selling " wine, beer, ale, cider, brandy and rum, and other strong liquors" by retail, *diversis diebus* from a certain day to another day expressed, without license ; and the defendant was found guilty of the whole matter ; whereas the selling of beer, ale and cider by retail, during a portion of the time alleged, was not unlawful ; yet the conviction was held well.

THE defendant in this case was indicted for that on the first day of *July* 1830, and on divers days and times between that day and the time of finding the indictment, which was at the *October* term following, he presumed to be a common seller of wine, beer, ale, cider, brandy and rum, and other strong liquors, by retail, without being duly licensed, &c. contrary to the form of the *statute* in such case made and provided ;—and being found guilty upon the whole indictment, he moved in arrest of judgment, because by the latest statute on this subject, the selling of beer, ale and cider was not unlawful after the day next preceding the second Monday in *September* of the same year ;—because it did not appear with sufficient certainty that any offence had been committed ;—and because the offence was not laid against the form of the *statutes,* there being two relating to the matter.

*Gilman* and *Greenleaf,* in support of the motion, cited *Stat.* 1821, *ch.* 133, *sec.* 1 ; *Stat.* 1824, *ch.* 278, *sec.* 2 ; *Stat.* 1830, *ch.* 482, *sec.* 4 ; 4 *Com. Dig.* 384, *Indictment G.* 6 ; 2 *Hawk. P. C.* 252 ; 3 *Bac. Abr.* 114, *Indictment H.* 5.

*The Attorney General* and *Godfrey,* for the State, cited 1 *Chitty's Crim. law,* 239 ; *Broughton v. Moor, Cro. Jac.* 142 ; *Dingley v. Moor, Cro. El.* 750.

The opinion of the Court was read at the ensuing *October* term, as drawn up by

MELLEN C. J. This indictment is founded on the first section of *ch.* 123 of the revised statutes, and the offence is described in the

15

words of the statute. The penalty or forfeiture for the commission of the offence is the sum of fifty dollars. An act, additional to the former, was passed *Feb* 25, 1824, making some further regulations on the subject, in the first, second and third sections, not having any particular bearing on this case ; and in the fourth section it is enacted " that if any retailer, innholder or common victualler shall violate any of the provisions of the act to which this is additional, and shall be thereof convicted before any court of competent jurisdiction, such retailer, innholder or common victualler shall not have his license renewed for the term of two years." By the act of *March* 18, 1830, *ch.* 482, so much of the act of 1821, *ch.* 123, as prohibits the sale by retail of beer, ale and cider was repealed, from and after the day next preceding the second Monday of *September* then next. During a part of the time mentioned in the indictment it was no offence to sell, by retail, beer, ale, or cider. The verdict against the defendant is general. In the motion in arrest of judgment filed, the first reason assigned is, that he may have been found guilty of selling by retail only beer, ale and cider, after it had ceased to be an offence so to do. We are of opinion that this objection is wholly unsubstantial. He is also found guilty of selling brandy and wine, and that surely was then and is now an offence. The third reason assigned is of more importance, according to many of the authorities in relation to the point. As there are several statutes on the same subject of innholders, retailers and common victuallers, containing numerous provisions and prohibitions and penalties, the question is whether the indictment is not bad, inasmuch as it concludes against the form of " the statute," instead of " the statutes" in such case made and provided. It is stated in 2 *Hawkins*, title *Indictment, sect.* 117, that " where a new statute adds a new penalty to an offence prohibited by a former statute—it seems it may with reason be argued, that if the indictment conclude *contra formam statuti*, it will be insufficient ; because it may seem that the offence is not punishable by any one statute only—yet considering that the precedents in these cases generally conclude *contra formam statuti*, and the prosecution in truth depends on the addition made by the later statute, which seems

of itself alone sufficient to support it, it may be reasonably argued that such a conclusion may be allowed in these cases also." *Chitty,* in his treatise on criminal law, *vol.* 1, 292, observes, " a distinction formerly was taken between the case where an offence is prohibited by two statutes, and where the indictment cannot be supported upon one singly. But according to the later opinions, even in this case, a conclusion in the singular will be valid." From a view of the whole of the 117th section in *Hawkins,* it is evident he is of the same opinion.—In the cases above put, the new penalty is a substitute for the former ; as the statute of 13th *Eliz.* increases the penalty to £20 for a month's absence from church ; but such is not the fact in the present case. The penalty of $50 remains ; and the only effect of the provision in the 4th section of the act of 1824, is to create a disqualification for receiving a license for the term of two years ; but it is not declared that this shall be any part of the sentence of the court, over which they could have no control. The first section of *ch.* 123 of the revised statutes, is the only one which creates or describes the offence for which the defendant was indicted, and of which he has been found guilty. The offence charged was committed against the form of that statute only ; so that the indictment against the defendant seems not to fall within the influence of the old principle, which is stated by the books on criminal law, as being of so doubtful and questionable a character at the present day. The objection is merely technical and formal, but still we should feel bound to sustain it, if the authorities required it ; but upon a careful examination of them, we are satisfied they do not. Accordingly the motion in arrest of judgment is overruled.